[Civ. No. 6452. First Appellate District, Division Two.—November 19, 1928.]

EDNA E. GIFFIN, Respondent, v. THE SUPREME LODGE OF THE FRATERNAL BROTHERHOOD (a Corporation), Appellant.

Michael F. Shannon and Thomas A. Wood for Appellant.

B. M. Benson and Cecil E. Edgar for Respondent.

STURTEVANT, J.— The plaintiff sued the defendant to recover a judgment for moneys alleged to be due under a benefit certificate alleged to have been issued by the defendant. The latter appeared and answered. Later a stipulation of facts was executed. A trial was had thereon before the court sitting without a jury. The court caused a judgment to be entered which was in favor of the plain-

tiff. The defendant appealed and brought up what purports to be the judgment-roll, including a purported copy of the stipulation. The defendant filed its brief June 7, 1928, and therein it presented many facts not shown by the stipulation. On June 27, 1928, the respondent filed her brief and therein made one point—the defendant had failed to follow the method prescribed by sections 953a, 953b, 953c, of the Code of Civil Procedure. She also made a motion to affirm the judgment. The presentation of the appeal and of the motion came on for hearing August 2, 1928. At the same time the defendant suggested a diminution of the record. The motion and suggestion were heard. The suggestion of the diminution of the record was accepted and the clerk of the trial court was directed to certify the absent documents. The motion to affirm was denied. Permission was granted to file additional briefs. Thereafter, August 13, 1928, the clerk of the trial court sent to the clerk of this court four documents marked exhibit "A," exhibit "B," exhibit "C," and exhibit "D." No one is certified in any manner, nor does any certificate accompany the lot. On August 16, 1928, the respondent filed another brief in which she again attacked the record as not conforming to the law and in which for the first time she replied to the points made by the defendant. On September 4, 1928, the appellant filed another brief in which it contented itself with the assertion "the stipulation of fact having been adopted by the trial court as its findings of fact, it thereby became a part of the judgment roll and was properly before the court in the clerk's transcript." True, but the assertion does not aid the defendant. The clerk's transcript contains what purports to be the stipulation of facts. But that stipulation refers to four several documents as being attached to it. Whereas nothing is attached to the copy of it which is inserted in the transcript and there is nothing before us showing that any document was attached to the original stipulation or if it was, what it was. In this certificate to the transcript the clerk certifies that the transcript contains "a full, true, and correct copy of the original: . . . stipulation of facts . . . and of the whole of such originals. . . . " Now, the exhibits above referred to are not certified, are not authenticated by any affidavit, and they do not break down the force of the clerk's certificate just quoted. He sends us exhibits which are numbered 1, 2, 3,

and 4—the numbers are scratched and they are re-marked "A," "B," "C," and "D." But none is certified. Every presumption is in favor of the judgment as rendered. The record before us does not tend to break down that presumption.

■ However, the judgment must be affirmed if we go into all of the documents, whether they are regularly before us or otherwise. Briefly stated, the facts are as follows: John W. Giffin held a benefit certificate in the Fraternal Brotherhood. The certificate recited, among others things, that its provisions did not apply "unless said member is in good standing . . . at the time of the death of said member." For the month of December, 1926, Giffin became delinquent in his dues. On January 25, 1927, he paid his dues down to the last day of February, 1927. On February 4, 1927, the insured died. It is now claimed that after being delinquent in December that Giffin was never reinstated. The answer is, the record does not show the fact. In the stipulation of facts it is recited that the dues and assessments were paid. In the stipulation there is no statement whether Giffin was reinstated or was not reinstated. Assuming, as appellant contends, that the proofs of loss, exhibit "C," were attached to the stipulation of facts, it became some evidence. It included the affidavit of the treasurer. Among other things that affiant averred: "3. That at the date of the said late member first being ill, of the disease, or suffering the injury from which he died, he was a member in good standing in Victory Lodge No. 1073 of The Fraternal Brotherhood and that he continued in good standing until the date of death on the 4th day of February, 1927." When a suspended member is fully reinstated the by-laws provide that such fact will be certified to the treasurer of the local lodge. He is therefore a qualified witness as to who is a member in good standing. If any act or acts were necessary to reinstate the deceased as a member in good standing, we must assume from this record that the event had taken place. It follows that there was some evidence sustaining the implied finding that deceased was a member in good standing at the date of his death.

■ The appellant's contention is that under the provisions of the by-laws a delinquent member is *ipso facto* suspended and so remains until he is reinstated. Turning to the by-laws we find that a member who is delinquent for

less than sixty days may tender his payments and the local treasurer may accept the same, but such payment will be received under an implied warranty that the member was at the date of the payment in good health; but if it transpires that he was not, then such member's tentative reinstatement becomes inoperative from the date the supreme officers get notice of the fact that the member was not in good health on the date of the payment of the delinquent dues. Broadly construed, this latter provision may be construed as providing that a member who was delinquent on his second payment and while sick paid up such fines and dues in less than sixty days and thereafter made all other payments for twenty-five years, will find he was during the whole of that time a suspended member. In other words, the member would have paid assessments, and dues for twenty-five years and the Brotherhood would have received and held the same, but the member would get nothing. One who would claim that a contract should be so construed must needs make clear proof. This defendant has not done so.

The judgment is affirmed.

Nourse, J., and Buck (G. F.), P. J.), *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 19, 1928, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 17, 1929.

All the Justices concurred.